FILED
APR 29 PM 3:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AMERICAN LIBERTY INSURANCE )
COMPANY, an insurance company )
incorporated in the state of Iowa, )
  )
Plaintiff, )
  )
v. )
  ) CIVIL ACTION NO. 97-G-2436-S
COMPLETE RESTORATION CLEANING, )
INC., an Alabama corporation; )
  )
Defendant. )

ENTERED
APR 3 0 1998

## MEMORANDUM OPINION

This cause is before the court upon the motion of the plaintiff ("American Liberty") for summary judgment. Pursuant to this court's scheduling order entered February 2, 1998, the motion has been taken under submission on the written submissions of counsel. Defendant, Complete Restoration Cleaning, Inc. ("Complete"), has submitted nothing in opposition to the motion.

This action is a declaratory judgment action, which seeks a declaration that American Liberty is under no duty to defend Complete or to indemnify it in the underlying state court action. That action was filed on February 13, 1996, and arises out of occurrences that took place in April 1995. The state court pleading shows that Complete was served with the summons and complaint on May 15, 1996. A default judgment was taken against Complete. On August 8, 1996, Complete filed a motion to set aside the default judgment. That motion was granted and the action reinstated.

It is undisputed that Complete first notified American Liberty on March 27, 1997, of the state court lawsuit and the occurrences out of which that lawsuit arose. Therefore, almost two years had elapsed before Complete notified American Liberty of the occurrences giving rise to the state court action, and over ten months had elapsed from the time Complete was served with the complaint.

The insurance policy upon which Complete relies was issued by American Liberty effective September 23, 1994. (A copy of the policy is attached to the motion for summary judgment as Exhibit A.) That policy contains the following notice provisions:

> **2.    Duties In The Event of Occurrence, Offense, Claim Or Suit.**
>
> > a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.
> >
> > . . . .
> >
> > b.   If a claim is made or "suit" is brought against any insured, you must:
> >
> > . . . .
> >
> > > (2)   Notify us as soon as practicable.
> > >
> > > You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
> >
> > c.   You and any other involved insured must:
> >
> > > (1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

In addition to the above, the policy contains the following conditions precedent to any action against American Liberty:

2

3.  **Legal Action Against Us.**

No person or organization has a right under this Coverage Part:

a.  To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b.  To sue on this Coverage Part unless all of its terms have been fully complied with.

American Liberty argues that Complete failed to comply with the above notice provisions, and, therefore, it is not obligated to defend Complete in the underlying state court action or to indemnify Complete for those claims.

The law regarding notice provisions such as those found in the present case has been adequately summarized as follows:

> Courts applying Alabama law have construed terms appearing in notice provisions of insurance contracts such as "as soon as practicable" to mean that notice must be given "within a reasonable time." This means that the overall circumstances in each case must be considered. See Southern Guaranty Ins. Co. v. Thomas, 334 So.2d 879 (Ala.1976), Pinson Truck Equipment, Inc. v. Gulf America Fire & Casualty Co., 388 So.2d 955 (Ala.1980). "[U]nder Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice to an insurer: the length of the delay and the reasons for the delay." Southern Guaranty, 334 So.2d at 883. See also St. Paul Fire and Marine Ins. Co. v. Elliott, 545 So.2d 760 (Ala.1989). If the insured does not notify the insurer in a timely fashion and the insured fails to show mitigating circumstances that reasonably justify the lengthy delay, the court must hold as a matter of law that the notice provision has been breached and grant summary judgment in favor of the insurer. See Watson v. Alabama Farm Bureau Mutual Casualty Ins. Co., 465 So.2d 394 (Ala.1985).

Pennsylvania National Mutual Casualty Insurance v. Colyer-Lloyd, Inc., 1994 WL 927423 (N.D. Ala. 1994).

Complete has offered no mitigating circumstances that would excuse the almost two year delay in notifying American Liberty of the occurrence giving rise to the claims against

3

it in state court. Nor has it offered any mitigating circumstances that would excuse its 10 month delay in notifying American Liberty of the state court lawsuit. In the absence of mitigating factors, these delays are as a matter of law unreasonable under the circumstances. Therefore, Complete has failed to comply with the notice provisions of the policy and American Liberty is entitled to a judgment as a matter of law--there being no genuine issue as to any material fact.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED this 29th day of April 1998.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.